TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Thomas Jeffries

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Jeffries, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Helios Media, LLC aka Helios Media Marketing, LLC d/b/a The E Degree Advisor, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Thomas Jeffries (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Helios Media, LLC aka Helios Media Marketing, LLC d/b/a The E Degree Advisor (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Tempe, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Desert Springs, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 213-XXX-9002 (hereafter "Number").

8. Defendant placed calls to Plaintiff's Number in an attempt to solicit business from Plaintiff.

9. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS").

10. When Plaintiff answered the calls from Defendant, he heard a period of silence followed by mechanical clicking noises before being connected to a live agent.

11. During a live conversation with Defendant, Plaintiff informed Defendant that he was not interested in its services and requested Defendant to cease calling.

12. Despite the foregoing, Defendant continued calling Plaintiff at an annoying and harassing rate, causing Plaintiff a great deal of frustration.

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

14. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

3

15. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an ATDS to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(2).

16. FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving ATDS calls from Defendant. *See* 47 C.F.R. § 64.1200(f)(8).

17. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard a period of silence followed by mechanical clicking noises before being connected to a live agent.

18. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

19. Defendant continued to willfully call Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

20. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

21. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

4

22.     As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

23.     As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  February 19, 2015                TRINETTE G. KENT

By:   /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Thomas Jeffries

5